UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, <br><br> Plaintiffs, <br><br> -against- <br><br> ELITE UNION INSTALLATIONS, LLC f/k/a OFFICE SOLUTION INSTALLATION, LLC, and OFFICE SOLUTION GROUP, LLC, <br><br> Defendants. | No. 19 CV _____ <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185, 1132(e)(1).

1

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

**THE PARTIES**

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7. Elite Union Installations, LLC f/k/a Office Solution Installation, LLC ("OSI") is a New York based limited liability company with its principal place of business located, upon

information and belief, at 19 West 34th Street, suite 909, New York, New York 10001, and with its registered address for service of process located at c/o Becker & Poliakoff, LLP, 45 Broadway, 8th Floor, Attn.: Steven L. Glaubman, New York, New York 10006.

8. Office Solution Group, LLC ("OSG") is a New York based limited liability company with its principal place of business located, upon information and belief, at 28 West 36th Street, New York, New York 10018 and with its registered address for service of process located at c/o Becker & Poliakoff, LLP, 45 Broadway, 8th Floor, Attn.: Steven L. Glaubman, New York, New York 10006.

## FACTS

### OSI is Bound by a CBA with the New York City District Council of Carpenters

9. Defendant OSI is a party to or otherwise bound by one or more collective bargaining agreements ("CBA") with the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

10. The CBA required Defendant OSI to make specified hourly benefit contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

11. The CBA also required Defendant OSI to submit reports on a monthly basis to the Funds detailing the amount of Covered Work performed.

12. Additionally, the CBA required OSI to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure that OSI was complying with required benefit fund contributions.

**OSG is an Alter Ego of and/or a Single Employer with OSI**

13. At all relevant times, OSI and OSG operated as alter egos/single employers and the two companies had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

14. OSG and OSI are owned and managed by members of the same family. James Fenimore, Sr. created OSI in April 2014 and his son, Jim Fenimore, Jr., created OSG at the same time, with the help of the same lawyers—Becker & Poliakoff, LLP.

15. OSG and OSI had a common business purpose, insofar as both companies performed furniture installation in New York City and other Covered Work within the definition of OSI's CBA.

16. OSG and OSI were created as James Fenimore Sr. was winding down his previous company, Total Office Planning Services, Inc. ("TOPS"), which was also a signatory with the Union.

17. OSI and OSG have the same customers, many of which stem from James Fenimore Sr.'s tenure as a principal at TOPS. For example, OSI and OSG both performed furniture installation/office planning services for EvensonBest, a furniture dealer headquartered at 641 Avenue of the Americas, New York, New York 10011.

18. OSI and OSG are jointly managed and jointly operated. Upon information and belief, James Fenimore Sr. secured the customers and supervised the labor for both OSI and OSG, while James Fenimore Jr. handled administrative functions, such as payroll administration.

19. The former co-owner of TOPS, Francis Sapienza, alleged in an action against James Fenimore Sr. that James Fenimore Sr. created both OSI and OSG to continue operating TOPS's business without Mr. Sapienza.

20. Each entity's domain addresses has the same format: "@osi-nyc.com" and "@osg-nyc.com," suggesting an interrelation of back-office operations.

21. OSI and OSG have the same attorneys, Becker & Poliakoff, LLP. Both entities list Steven L. Glaubman of Becker & Poliakoff, LLP as their corporate attorney with the New York Department of State.

22. James Fenimore Sr. used OSG to avoid OSI's obligations to the Funds. For example, James Fenimore Sr. used two OSG non-union carpenters to install office furniture at 55 Hudson Yards in New York, New York. Neither OSI nor OSG remitted contributions in connection with this work. If OSI had self-performed the work, it would have been required to remit contributions to the Funds on behalf of the two carpenters. The two "OSG" carpenters on the 55 Hudson Yards project used ladders that were marked "OSI," showing that OSI and OSG share common equipment.

23. Upon information and belief, OSI and OSG failed to maintain an arm's-length relationship between each other.

24. OSI and OSG are alter egos/single employers with each other. Accordingly, OSG is bound to OSI's CBA and each entity is liable for the debts and obligations of the other. These debts include, for example: (1) all contributions owed in connection with work performed by OSI and OSG; (2) the $4,102.97 in principal contributions and related damages resulting from an audit of OSI covering May 29, 2014 through March 27, 2016; and (3) late payment interest (which is interest owed on contributions paid past the CBA's due date) owed by OSI in the amount of $249.07.

## PLAINTIFFS' FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

25. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26. At all relevant times, OSI was a party to, or manifested an intention to be bound by the CBA.

27. At all relevant times, OSI and OSG were alter egos/single employers with each other and had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

28. By virtue of their status as alter egos/single employers, Defendants are and at all relevant times have been bound by the CBA and are jointly and severally liable for contributions to the Funds for work performed under the CBA.

29. An actual controversy has arisen and now exists between the parties with respect to the status of Defendants as alter egos, a single employer, and/or successors.

30. Accordingly, the Funds seek a judicial determination, pursuant to 28 U.S.C. §§ 2201 and 2202, that Defendants are alter egos, a single employer, and/or successors, that Defendants have at all times been bound by the CBA, and that Defendants are jointly and severally liable for each other's unpaid contributions for work performed by their employees under the CBA.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF AGAINST OSI
### (Liability for Delinquent Contributions/Violation of the CBA)

31. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

33. Section 301 of the LMRA authorizes Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

34. At relevant times, OSI was a party to or otherwise bound by the CBA.

35. The CBA and the documents and instruments governing Plaintiffs required OSI to make specified hourly contributions to Plaintiffs in connection with all work performed within the scope and jurisdiction of the CBA and to submit to and comply with periodic payroll audits when requested by Plaintiffs.

36. OSI violated the CBA when it failed to remit contributions for all work it performed within the scope and jurisdiction of the CBA.

37. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and Plaintiffs' Trust Agreements and Collection Policies, Plaintiffs are entitled to an order: (1) directing OSI to submit to an audit of its books and records to determine the extent of its delinquent contributions; and (2) finding that OSI is liable for any delinquent contributions and associated liquidated damages, interest, fees, and costs, revealed by this audit or otherwise found to be due and owing during the course of this litigation. These debts include, for example: all contributions owed in connection with work performed by OSG; the $4,102.97 in principal contributions and related damages resulting from an audit of OSI

covering May 29, 2014 through March 27, 2016; and late payment interest (which is interest owed on contributions paid past the CBA's due date) owed by OSI in the amount of $249.07.

38. With respect to the late payment interest OSI owes in connection with contributions it paid past the deadline for doing so between May 29, 2014 through March 27, 2016 under the CBA, the Funds' Trust Agreements and Collection Policy (which are incorporated into the CBA), and section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) late payment interest of $249.07; (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

## PLAINTIFFS' THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Alter Ego & Single Employer Liability/Liability for Delinquent Contributions/Violation of the CBA)

39. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

41. Section 301 of the LMRA authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

42. At relevant times, OSI was a party to or otherwise bound by the CBA.

43. The CBA and the documents and instruments governing Plaintiffs required OSI to make specified hourly contributions to Plaintiffs in connection with all work performed within the scope and jurisdiction of the CBA and to submit to and comply with periodic payroll audits when requested by Plaintiffs.

44. At relevant times, OSI and OSG were alter egos and single employers of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership and interrelation of operations, centralized control of labor functions, and common office facilities.

45. By virtue of their status as alter egos and/or single employers, OSI and OSG are and at all relevant times have been bound by the CBA and they are jointly and severally liable for each other's obligations thereunder.

46. OSI and OSG violated the CBA when they failed to remit all contributions for work performed within the scope and jurisdiction of OSI's CBA.

47. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, and Plaintiffs' Trust Agreements and Collection Policies, Plaintiffs are entitled to an order: (1) finding that OSG is the alter ego and single employer of OSI and that OSI and OSG constitute a single integrated enterprise; (2) directing OSG to submit to an audit of its books and records to determine the extent of its delinquent contributions; and (3) finding that OSG and OSI are jointly and severally liable for any delinquent contributions and associated liquidated damages, interest, fees, and costs, revealed by this audit, by the OSI audit, or otherwise found to be due and owing by OSI and/or OSG during the course of this litigation, including, but not limited to, all contributions owed in connection with work performed by OSG; the $4,102.97 in principal contributions and related damages resulting from an audit of OSI covering May 29, 2014 through March 27, 2016; and late payment interest (which is interest owed on contributions paid past the CBA's due date) owed by OSI in the amount of $249.07.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) On Plaintiffs' First Claim for Relief, declare (1) that Defendants are alter egos and/or a single employer, constituting a single integrated enterprise; (2) that Defendants have at all times been bound by the CBA; and (3) that Defendants are jointly and severally liable for each other's unpaid contributions to the Funds for the period April 2014 through the present;

(2) On Plaintiffs' Second Claim for Relief, (1) direct Defendant OSI to submit to an audit of Defendant OSI's books and records covering the period April 2014 through the present pursuant to the CBA to determine the extent of its delinquent contributions; (2) issue an order entitling Plaintiffs to recover OSI's delinquent contributions and associated liquidated damages, interest, fees, and costs; and (3) issue an order entitling Plaintiffs to recover OSI's late payment interest on the delinquencies revealed by the audit.

(3) On Plaintiffs' Third Claim for Relief, (1) direct Defendant OSG to submit to an audit of Defendant OSG's books and records covering the period April 2014 through the present, pursuant to the CBA, to determine the extent of OSG's delinquent contributions; (2) hold OSI and OSG joint and severally liable for any violations of OSI's CBA, under a theory of alter ego and/or single employer liability, (3) issue an order entitling Plaintiffs to recover the delinquent contributions of both OSI and OSG, and the associated liquidated damages, interest, fees, and costs, from either OSI, OSG, or both, based on a theory of alter ego and/or single employer liability; and (3) issue an order entitling Plaintiffs to recover any late payment interest on the delinquencies revealed by the audit from either OSI or OSG, under an alter ego and/or single employer theory of liability; and

(4) Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      February 5, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:    /s/
John M. Harras
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080

*Attorneys for Plaintiffs*