UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, <br><br> Plaintiffs, <br><br> -against- <br><br> ELITE UNION INSTALLATIONS, LLC f/k/a OFFICE SOLUTION INSTALLATION, LLC, and OFFICE SOLUTION GROUP, LLC, <br><br> Defendants. | No. 19 CV 1090 |

## CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as 'confidential' provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it [check all that apply]:

    __X__ Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists or the equivalent thereof, financial data, projected sales data, production data, business and marketing plans, matters relating to mergers and acquisitions, and pricing data

    __X__ Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

    _____ Medical and Legal Records, including medical files and reports.

    _____ Non-public criminal history.

Page 1 of 4.

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court.

(c) An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices 'confidential,' and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information, but counsel may designate at a deposition information is "for attorneys' eyes only" pending a confidentiality ruling by the Court. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents designated 'confidential' shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel, legal assistants, paralegals, auditors, and other persons, such as secretarial, stenographic and clerical personnel assisting counsel necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation and shall execute a document agreeing to abide by this Order, which document shall be held by counsel until the conclusion of the litigation. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, auditors, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f) The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as 'confidential,' the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order. Pursuant to Fed. R. Civ. Pro. 502(d) this Court orders that the attorney-client privilege or work-product protection is not waived by disclosure connected with the litigation pending before the court. If, during the course of this litigation, a party is notified or discovers on its own that it received a document from another party that is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"), the receiving party shall:

(i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (iii) specifically identify the protected documents by Bates number range; and (iv) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.

(g) If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the even that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) If any court filing incorporates confidential material or would reveal its contents, the portions of such filing shall be filed under seal in accordance with the United States District Court, Eastern District of New York's and Judge Vernon S. Broderick's procedures and/or rules for doing so.

(i) Within a reasonable period after the conclusion of the litigation and upon written request by the producing party, the receiving party shall either return to the producing party or destroy all confidential material produced during this litigation that has not been publicly disclosed. The receiving party shall have the option of returning or destroying the confidential material.

(j) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(k) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated:

Virginia & Ambinder, LLP

By: _____
John M. Harras, Esq.
*Counsel for the Plaintiffs*

Dated:

Meltzer, Lippe, Goldstein & Breitstone, LLP

By: _____
Christopher T. Borruso, Esq.
*Counsel for the Defendant Office Solution Group LLC*

Dated: 2/28/20

Trivella & Forte, LLP

By: _____
Christopher A. Smith, Esq.
*Counsel for the Defendant Elite Union Installation LLC*

SO ORDERED:
Dated: March 6, 2020

_____
Vernon S. Broderick
United States District Judge